UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| v. | § | Criminal Action No. 2:23-CR-00060-3 |
| | § | Civil Action No. 2:25-CV-00050 |
| BRYANA GARCIA, | § | |
| | § | |
| Defendant/Movant. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant/Movant Bryana Garcia's *pro se* Motion to

Vacate under 28 U.S.C. § 2255, (Dkt. No. 186),[1] to which the United States of America has

responded, (Dkt. No. 205), and provided supplemental evidence, (Dkt. No. 204). For the

following reasons, the Court **DENIES** Movant's Section 2255 Motion.

## I.    BACKGROUND

On August 4, 2023, Garcia pled guilty to knowingly and intentionally conspiring

to possess with an intent to distribute more than 50 grams of methamphetamine. (Dkt.

No. 173). Movant pled guilty pursuant to a plea agreement between her and the United

States in which the United States agreed to recommend a lower sentence based on

Movant's acceptance of responsibility and cooperation. (*Id.* at 16–20). The Presentence

Investigation Report ("PSR") calculated Movant's base offense level at 32. (Dkt. No. 148

at 11) (SEALED). After receiving adjustments for being a zero-point offender and for

acceptance of responsibility, her total offense level became 27. (*Id.*). With a criminal

---

[1]    Docket cites refer to criminal case.

history category of I, her advisory Guidelines sentencing range was 70—87 months' imprisonment with a term of at least five years supervised release. (*Id.* at 14–15). At sentencing, the Court adopted the PSR without change, granted defense counsel's motion for a downward variance based on Movant's waiver of her right to appeal, and imposed a below-Guidelines sentence of 57 months. (Dkt. No. 174 at 10).

Judgment was entered on March 29, 2024. (Dkt. No. 167). Movant did not appeal. She filed the present Section 2255 Motion on February 14, 2025. (Dkt. No. 186). It is timely.

## II.    LEGAL STANDARD

### A.    28 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

### B.    INEFFECTIVE ASSISTANCE OF COUNSEL

An ineffective assistance of counsel allegation presented in a Section 2255 motion is properly analyzed under the two-prong test set forth in *Strickland v. Washington*, 466

U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed. 674 (1984).  *United States v. Willis*, 273 F.3d 592, 598 (5th Cir. 2001).  To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate that his or her counsel's performance was both deficient and prejudicial.  *Id.*  This means that a movant must show that counsel's performance was outside the broad range of what is considered reasonable assistance and that this deficient performance led to an unfair and unreliable conviction and sentence.  *United States v. Dovalina*, 262 F.3d 472, 474–75 (5th Cir. 2001).

In reviewing ineffectiveness claims, "judicial scrutiny of counsel's performance must be highly deferential," and every effort must be made to eliminate "the distorting effects of hindsight."  *Strickland*, 466 U.S. at 689, 104 S.Ct at 2065.  An ineffective assistance claim focuses on "counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct[,]" because "[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence."  *Id.* at 689–90, 104 S.Ct. at 2065–66.  With regard to the prejudice requirement, a movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 694, 104 S.Ct. at 2068; *Armstead v. Scott*, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one."); *Carter v. Johnson*, 131 F.3d 452, 463 (5th Cir. 1997).

Before deciding whether to plead guilty, a defendant is entitled to "the effective assistance of competent counsel."  *Padilla v. Kentucky*, 559 U.S. 356, 364–65, 130 S.Ct. 1473, 1480–81, 176 L.Ed.2d 284 (2010) (quoting first *McMann v. Richardson*, 397 U.S. 759, 771, 90

S.Ct. 1441, 1449, 25 L.Ed.2d 763 (1970), and then citing *Strickland*, 466 U.S. at 686, 104 S.Ct. at 2063).  *Strickland's* two-part analysis applies to claims of ineffective assistance of counsel in this context.  *E.g., Hill v. Lockhart*, 474 U.S. 52, 57, 106 S.Ct. 366, 369–70, 88 L.Ed.2d 203 (1985).  During this stage of a proceeding, the Supreme Court has reiterated that counsel has "the critical obligation . . . to advise the client of 'the advantages and disadvantages of a plea agreement.'"  *Padilla*, 559 U.S. at 370, 130 S.Ct. at 1484 (citing *Libretti v. United States*, 516 U.S. 29, 50–51, 116 S.Ct. 356, 368, 133 L.Ed.2d 271 (1995)).  "It is the lawyer's duty to ascertain if the plea is entered voluntarily and knowingly," and the "lawyer must actually and substantially assist his client in deciding whether to plead guilty."  *United States. v. Cavitt*, 550 F.3d 430, 440 (5th Cir. 2008) (quoting and *citing Herring v. Estelle*, 491 F.2d 125, 128 (5th Cir. 1974)).  "It is his job to provide the accused an understanding of the law in relation to the facts."  *Id.*  "The advice he gives need not be perfect, but it must be reasonably competent."  *Id.*  In this context, the prejudice prong requires the prisoner to demonstrate "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  *United States v. Smith*, 844 F.2d 203, 209 (5th Cir. 1988) (quoting *Hill*, 474 U.S. at 59, 106 S.Ct. at 370).  "The test is objective; it turns on what a reasonable person in the defendant's shoes would do."  *Id.* at 209; *accord Padilla*, 559 U.S. at 372, 130 S.Ct. at 1485 ("[A] petitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances.").

## III.    DISCUSSION

Movant's Section 2255 Motion raises one ground for relief: that she was deprived of effective assistance of counsel by her counsel's failure to adequately consult with her concerning her appellate rights.  (Dkt. No. 186 at 4).  According to Movant, her "[f]ormer counsel did not consult with [her] on the potential benefits of appealing the sentence imposed" and "did not communicate with [her] after her sentencing."  (Dkt. No. 187 at 10).  In Movant's eyes, this alleged failure to communicate after sentencing regarding her appellate rights constituted deficient performance considering the disparity between counsel's pre-sentencing assessment and the sentence actually imposed by the Court.  (*Id.* at 10–13).

The law is clear that, if a defendant asks counsel to file a notice of appeal, counsel's failure to do so constitutes ineffective assistance, entitling the defendant to an out-of-time appeal.  *Roe v. Flores–Ortega*, 528 U.S. 470, 477, 120 S.Ct. 1029, 1035, 145 L.Ed.2d 985 (2000).  As the Fifth Circuit held in *Tapp*, if a defendant "is able to demonstrate by a preponderance of the evidence that he requested an appeal, prejudice will be presumed and [he] will be entitled to an out-of-time appeal, regardless of whether he is able to identify any arguable meritorious grounds for appeal . . . ."  *United States v. Tapp*, 491 F.3d 263, 266 (5th Cir. 2007).  In cases where the defendant fails to instruct counsel to file a notice of appeal, the court must determine "whether counsel in fact consulted with the defendant about an appeal."  *Flores–Ortega*, 528 U.S. at 478, 120 S.Ct. at 1035.  To "consult" means "advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes."  *Id.*  The

5

Supreme Court has held that "counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Id.* at 480, 120 S.Ct. at 1036. "Only by considering all relevant factors in a given case can a court properly determine whether a rational defendant would have desired an appeal or that the particular defendant sufficiently demonstrated to counsel an interest in an appeal." *Id.* "[T]o show prejudice in these circumstances, a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Id.* at 484, 120 S.Ct. at 1038.

Here, Movant does not allege that she instructed her former counsel to file an appeal. (*See* Dkt. No. 188 at 3 ("Had Ms. Morales fulfilled her professional duty to counsel me on my appellate rights, I *would have* unequivocally instructed her to file an appeal.")) (emphasis added). Therefore, the Court must determine "whether counsel in fact consulted with the defendant about an appeal." *Flores–Ortega*, 528 U.S. at 478, 120 S.Ct. at 1035. Movant's own statements when she pled guilty and when she was sentenced indicate that her counsel consulted with her regarding her appellate rights (and the fact that she was waiving them by pleading guilty). (Dkt. No. 173 at 19–20 ("THE COURT: [Ms. Garcia,] did you discuss the waiver of your right to appeal with your attorney? . . . DEFENDANT GARCIA: Yes, sir.")); (Dkt. No. 174 ("THE COURT: Did you discuss waiving your right to appeal with your attorney before you pled guilty?

6

DEFENDANT GARCIA: Yes, sir.  THE COURT: All right.  Do you have any questions?

DEFENDANT GARCIA: No, sir.")).  This is supported by her counsel's affidavit, which

affirms that Movant did not inform her counsel that she wished to appeal despite being

informed about her appellate rights before she pled guilty and before she was sentenced.

(Dkt. No. 204) (SEALED).

Movant's assertion that her counsel promised prior to sentencing to request credit

for the time Movant spent on an ankle monitor and that Movant was "looking at two

years, max," (Dkt. No. 188 at 2), is of no consequence.  Even assuming Movant's counsel

failed to consult with her regarding her appellate rights—an assumption belied by the

record—the fact that Movant "was upset about sentencing matters before and after the

sentencing hearing" is not enough to find her counsel's actions deficient when Movant

"did not express to counsel any interest in appealing the sentence."  *United States v.*

*Casarez*, 304 F.App'x 325, 325 (5th Cir. 2008) (per curiam); (Dkt. No. 204 (stating that

Movant never mentioned her desire to appeal her sentence to her counsel)); *see also United*

*States v. Bejarano*, 751 F.3d 280, 287 (5th Cir. 2014) (per curiam) (holding that a district

court did not err in finding that a defendant's self-serving testimony was not enough to

prove that the defendant would have appealed had his counsel consulted with him

regarding his appellate rights).  Not only has Movant failed to provide evidence proving

that she expressed an interest in appealing her sentence to counsel, she knowingly

waived her right to do so when she pled guilty.  (Dkt. No. 173 at 19–20); (Dkt. No. 184 at

10).  In fact, the Court gave her a sentence below the applicable guideline range

specifically because of that waiver.  (Dkt. No. 174 at 9).

The record before the Court "conclusively shows" that Movant "is entitled to no relief" on her claim that counsel was ineffective by failing to consult with her regarding her appellate rights. *See United States v. Bartholemew*, 974 F.2d 39, 41 (5th Cir. 1992) (per curiam). Accordingly, her claim must be denied.

## A.   CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). The Section 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.

A certificate of appealability (COA) "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 1039, 154 L.Ed.2d 931 (2003). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000). This standard requires a Section 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483–84).

Based on the above standards, the Court concludes that Movant is not entitled to a COA on any of her claims. That is, reasonable jurists could not debate the Court's resolution of her claims, nor do these issues deserve encouragement to proceed. *See Jones*, 287 F.3d at 329.

## IV.   CONCLUSION

For the foregoing reasons, Movant's Motion under 28 U.S.C. § 2255, (Dkt. No. 186), is **DENIED** and she is further **DENIED** a Certificate of Appealability.

It is SO ORDERED.

Signed on July 10, 2026.

_____
**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**

9